**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
U.S. POST OFFICE & COURTHOUSE BLDG.
P.O. BOX 2067
CAMDEN, NJ 08101-2067

GLORIA M. BURNS
BANKRUPTCY JUDGE

(856) 757-5174

**FILED**
JAMES J. WALDRON, CLERK

[April 6, 2011]

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: s/ Elizabeth Grassia, Deputy

April 6, 2011                                           LETTER OPINION

Raymond J. Went, Jr., Esquire                John J. and Christine J. Hillisheim
Hankin Sandman & Palladino                   200 E. Shady Knoll Lane
30 South New York Avenue                     Galloway, NJ 08205
Atlantic City, NJ 08401

    Re:    Islinger v. Hillisheim
            Adversary No. 09-2830 (GMB)

Dear Mr. Went and Dr. and Mrs. Hillisheim:

    This matter has been opened to the Court by Raymond J. Went, Jr., Esquire of the law firm of Hankin, Sandman & Palladino, attorneys for the Plaintiffs, Dr. Richard Islinger and Mrs. Jean Marie Islinger ("Plaintiffs"), by way of Application for Final Default Judgment in favor of Plaintiffs' claims for Non-Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(2) and §523(a)(4); the Court having reviewed the papers submitted by counsel and having heard testimony by Plaintiffs at a Proof Hearing held on November 9, 2011; the following constitutes findings of fact and conclusions of law.

    This is a core proceeding under 28 U.S.C. §157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§1334(b), 157(a) and (b)(1). Upon the entry of default against a defendant the factual allegations in the complaint are deemed to be true. In re Villegas, 132 B.R. 742, 746, n.5 (9th Cir. BAP 1991). The moving party is also "entitled to all reasonable inferences from the evidence offered." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). This court in its discretion determines whether the facts alleged constitute a valid cause of action and, in its discretion, the court may, but is not required to, hold a hearing to establish damages. Fed. R. Civ. P. 55(b), through Fed. R. Bankr. P. 7055(b).

I.  **Background**

Debtor John J. Hillesheim was the owner and principal agent of Hillesheim Builders, Inc., a/k/a Hillesheim Custom Builders, Inc., ("HBI") which is a general contracting business. On November 1, 2007, Plaintiffs entered into a contract with HBI for the construction of a new home in Linwood, New Jersey (the "Project"). During the course of construction from January 2008 through September 2008, the Plaintiffs paid Mr. Hillesheim a total of $454,640.00 in the form of personal checks and bank draws (the "Advances"). In or around June or July of 2008, the Plaintiffs became concerned over the slowing progress of work at the Project. On September 29, 2008 a "Stop Construction Order" was issued by the City of Linwood. The Plaintiffs had no further contact with the Debtor. On February 17, 2009, Plaintiffs filed a law suit against HBI and Debtor John Hillesheim in the Superior Court of New Jersey, Law Division, Atlantic County which was docketed at ATL-L-634-09; and on July 1, 2009, Plaintiffs obtained a Partial Final Default Judgment against HBI in the amount of $723,475.46, inclusive of treble damages for violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. The Debtors filed the within bankruptcy petition on August 27, 2009.

The Debtors, John J. Hillesheim d/b/a John Hillehseim Custom Builders Inc., and Christine J. Hillesheim filed their bankruptcy petition on August 27, 2009. The Plaintiffs filed the within Adversary Proceeding on November 27, 2009 demanding judgment against Debtors determining Debtors' indebtedness non-dischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(2); damages totaling at least $723,475.45; attorneys' fees and costs; and other related relief (the "Complaint"). The Plaintiffs, in their Final Application for Default Judgment, also argued that Defendants' indebtedness be held non-dischargeable pursuant to 11 U.S.C. §523(a)(4). The Defendants' Answer to the Complaint was stricken on September 17, 2010 and Defendants' thereafter did not participate in the case. This Court held a Proof Hearing on November 9, 2010, in order to determine whether the facts alleged by the Plaintiffs' constitute a valid cause of action (the "Proof Hearing"). At the Proof Hearing, counsel for the Plaintiffs abandoned their claim against co-Debtor Christine Hillesheim.

II.  **Discussion**

a.  §523(a)(2)

Section 523(a)(2) "requires proof of actual fraud, not merely fraud implied in law." <u>De La Cruz v. Cohen (In re Cohen)</u>, 185 B.R. 171, 177 (Bankr. D.N.J. 1994) (*citations omitted*). For a debt to be non-dischargeable pursuant to § 523(a)(2)(A), a plaintiff must establish (1) that the debtor obtained money, property or services through a material misrepresentation; (2) that the debtor, at the time of the transaction, had knowledge of the falsity of the misrepresentation or reckless disregard or gross recklessness as to its truth; (3) the debtor made the misrepresentation with intent to deceive; (4) the plaintiff [justifiably] relied on the representation; and (5) that the plaintiff suffered loss, which was

2

proximately caused by the debtor's conduct. Id. (citing Trump Plaza Assoc. v. Poskanzer (In re Poskanzer), 143 B.R. 991, 999 (Bankr. D.N.J. 1992)) (other citations omitted).

It is undisputed that the Debtor obtained money from the Plaintiffs in order to construct the Project. It is undisputed that the Debtor's workmanship was of poor quality and that Debtor failed to pay certain subcontractors in accordance with the terms and conditions of the parties' contract. At certain times during the pendency of the Project, the Debtor was not at the construction site. On at least one occasion, workers at the Project construction site were performing work for other jobs, not related to the Project. HBI and Debtors' poor workmanship caused the Plaintiffs to incur additional expense in order to remediate certain aspects of the Project and were also forced to incur expenses, above and beyond the projected amount, for the completion of the Project. Debtor misinformed Plaintiff (Mrs. Islinger) regarding the location of the lumber vendor on the Project in or around August 2008 (the "Lumber Representation"), and assured Mrs. Islinger that the Project, while slowing due to the state of the economy, would be finished. It is undisputed that the Plaintiffs first learned that the Debtor was not paying his bills on the Project in September of 2008 when a representative from the Lumber Company contacted the bank which issued the loan to fund the Project.

With the exception of the Lumber Representation, no evidence has been presented by the Plaintiffs that the Debtor made a misrepresentation, having knowledge of the falsity of such misrepresentation, with the intent to deceive, which induced the Plaintiffs to advance money, property, or credit to the Debtor; and since no misrepresentation by the Debtor occurred, the Plaintiffs could not have justifiably relied upon it. Indeed, all of the Advances with the exception of one final advance on September 8, 2008, occurred prior to the Lumber Representation by Debtor. Thus, the Plaintiffs could not have reasonably relied upon the Lumber Representation in making the Advances that took place from January 6, 2008 through August 2008.

While the Plaintiffs have alleged that the Lumber Representation was false at the time it was made, the Plaintiffs have failed to allege that they relied upon the Debtor's representation in making the final Advance. In connection with the Lumber Representation, Mrs. Islinger testified that the Debtor told her that "…[e]verything is fine… we are just in bad times right now with the economy but we are going to get the job done…". Mrs. Islinger Testimony, November 9, 2010 Transcript.    This reassurance may have been relied upon by Mrs. Islinger in continuing the Project with Debtor, but she has not asserted that this particular statement was fraudulent. The Plaintiffs have failed to allege that the Lumber Representation was reasonably and justifiably relied upon by the Plaintiffs in inducing them to make the final Advance.

Therefore, the Plaintiffs did not establish that it was false pretenses, false representations, or actual fraud by the Debtor that caused their suffered losses, and thus, the Plaintiffs' claim will not be

3

excepted from the Debtor's discharge pursuant to § 523(a)(2)(A). It is well settled jurisprudence that a contractor's failure to perform as promised, standing alone, gives rise to a case for breach of contract, not actionable fraud, misrepresentation, or false pretenses under §523(a)(2)(A). See, e.g., In re Drossel, LEXIS 3862 (Bankr.D.N.J. 2007) ("[i]n the construction context, failure to complete work in a timely fashion or in accordance with the agreed upon terms typically is considered a breach of contract rather than fraud or misrepresentation under Section 523(a)(2)(A)").

    b.    §523(a)(4)

Because the Plaintiffs have not established that the Debtor was acting in a fiduciary capacity or that their debt was incurred due to the Debtor's embezzlement or larceny of their property, the Plaintiffs' claim is not excepted from the discharge pursuant to § 523(a)(4). Under the §523(a)(4) exception to discharge, a debt will be non-dischargeable if it was incurred by: "(I) fraud or defalcation while acting in a fiduciary capacity; (ii) embezzlement while acting in any capacity; or (iii) larceny while acting in any capacity." Hatch v. Hatch (In re Hatch), 2009 WL 3208694, at *5 (Bankr. E.D. Pa. Sept. 30, 2009). Numerous Supreme Court decisions have found that the meaning of "fiduciary" in section 523(a)(4) is limited to instances involving express or technical trusts. Chapman v. Forsyth, 43 U.S. 202, 207, 11 L. Ed. 236 (1844); Davis v. Aetna, 293 U.S. 328, 333, 55 S. Ct. 151, 79 L. Ed. 393 (1934); Upshur v. Briscoe, 138 U.S. 365, 378, 11 S. Ct. 313, 34 L. Ed. 931 (1891).

The Debtor's company, HBI, was a party to a contract to build a home for the Plaintiffs and was entrusted with funds from Plaintiffs to fulfill said contractual promise, this is not the type of fiduciary capacity within the meaning of Bankruptcy Code section 523(a)(4). Neither the New Jersey Construction Lien Law, nor the New Jersey Consumer Fraud Act, and N.J.S.A. 46:3 governing new home builder registration, create the type of express or statutory trust contemplated under §523(a)(4). For this reason, the Plaintiff is unable to prove the debt as non-dischargeable under Bankruptcy Code section 523(a)(4).

The Plaintiffs have not established a prima facie case that they entrusted the Debtor with their property or that he appropriated such property for his own use; thus, their debt is not excepted from discharge because of embezzlement by the Debtor pursuant to § 523(a)(4). "To prove a debtor committed embezzlement within the meaning of § 523(a)(4), a plaintiff must establish that: (1) the debtor was entrusted; (2) with property; (3) of another; (4) which the debtor appropriated for his own use; and (5) with fraudulent intent." Ginsburg ex rel Vertical Group, Inc. v. Birenbaum (In re Birenbaum), 2006 WL 1997478, at *8 (Bankr. W.D.Pa. July 6, 2006)). The Plaintiffs presented no evidence that the funds transferred to the Debtor and HBI were misappropriated by the Debtor for his own personal use.

The Plaintiffs have not established a prima facie case that the Debtor wrongfully and with fraudulent intent took property from the Plaintiffs, thus, their debt is not excepted from discharge because of larceny by the Debtor pursuant to §523(a)(4). Larceny under § 523(a)(4) is proved if the debtor

4

wrongfully and with fraudulent intent takes property from its rightful owner and differs from embezzlement because the embezzler's initial acquisition of the property at issue is lawful. Great Am. Ins. Co. v. O'Brien (In re O'Brien), 154 B.R. 480, 483 (Bankr. W.D. Tenn. 1993). Here, the Debtor's initial acquisition of the property was lawful and the debt is not non-dischargeable under the relevant provision of §523(a)(4).

### III.  Conclusion

For reasons discussed above, the court holds that the Plaintiffs' claim against the Debtor is not excepted from discharge under bankruptcy code sections 523(a)(2) or (4). The Plaintiff failed in his burden to establish a prima facie case under section 523(a)(2) and (4). The Plaintiffs continue to have a claim against the Debtors' estate in the amount of $723,475.46.

Sincerely,

Gloria M. Burns
United States Bankruptcy Judge

GMB/nar